IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SAXSEN NORTON, a minor, by and through her next friend, CATHERINE ACTENHAGAN, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:03cv946-D ) WO |
| BELARUS MACHINERY OF USA, INC., ET AL., | ) ) ) |
| Defendants. | ) |

**ORDER**

On May 31, 2005, the court entered an Order, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, directing Plaintiff "to show cause, if any there be . . . why the court should not dismiss the action without prejudice as to Defendants Belarus, Inc., and MTZ Belarus for failure of Plaintiff to effect service within the prescribed 120 days." (See Doc. No. 95.) On June 8, 2005, Plaintiff filed a Response to the court's order. (See Doc. No. 96.) Therein, Plaintiff states that she "did, in fact, perfect service upon Belarus Machinery of USA Inc. on May 13, 2005," and that, therefore, this defendant "should not be dismissed." (Id. ¶¶ 2, 4.) Plaintiff's Response, however, does not address the failure of Plaintiff to effect service on the other "Belarus" Defendants which Plaintiff also has named in this lawsuit. The court's May 31 Order was directed toward the failure of Plaintiff to effect service on Belarus, Inc., and MTZ Belarus, not Belarus Machinery of USA, Inc.

Almost two years have elapsed since Plaintiff sued Belarus, Inc., and MTZ Belarus, and the trial of this case is scheduled for the term of court commencing November 7, 2005.  Yet, counsel for Plaintiff never has attempted to serve MTZ Belarus. As to Belarus, Inc., although counsel twice requested and received issuance of summons for this defendant, the clerk returned the summons to counsel for service.  (See Doc. Nos. 5, 34.)  Counsel for Plaintiff has not indicated whether he has attempted service on Belarus, Inc., and the record is silent in this regard.  Nor has counsel ever requested an extension of time to serve these two Defendants or demonstrated any cause for his failure to serve them.  Plaintiff's Response to the court's May 31 Order is devoid of any mention of these two Defendants.

With that said, upon further scrutiny, the court takes notice that Belarus, Inc., and MTZ Belarus are described by Plaintiff in the various complaints as "foreign" defendants. (See, e.g., Doc. No. 39 (Am. Compl.).)  It may be that the provision for dismissal without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure is inapplicable, as the rule does not apply when service is attempted in a foreign country.  At least one district court in this circuit has found that a plaintiff is exempt from the 120-day service requirement of Rule 4(m) even where the plaintiff makes no attempt to serve the foreign defendant within that time period.  See In re S1 Corporation Secs. Litigation, 173 F. Supp. 2d 1334, 1343 (N.D. Ga. 2001) (observing that "the trend of courts is to find that the 120 day period does not apply even if the plaintiff makes no attempt to serve within the period") (citing, among other authorities, 4B Wright & Miller, Federal Practice & Procedure: Civil 2D § 1134 (2001 Supp.)); but see Montalbano v. Easco Hand Tools,

Inc., 766 F.2d 737, 740 (2d Cir. 1985) (holding that Rule 4(j)'s exemption for service in foreign countries [predecessor to Rule 4(m)] did not apply where plaintiff did not serve process in a foreign county, but attempted to serve Japanese corporation through an individual whom plaintiff believed was its American representative).

Assuming without deciding that In re S1 Corporation Secs. Litigation, *supra*, correctly states the law, the court finds that dismissal without prejudice is appropriate for failure of Plaintiff to prosecute her action against Belarus, Inc., and MTZ Belarus.  This court is not the first to dismiss a case against a defendant for failure to prosecute when a plaintiff fails to make diligent efforts to effect service on a foreign defendant within a reasonable time.  See Thayer v. Dial Indus. Sales, Inc., 85 F. Supp. 2d 263, 266 n.1 (S.D.N.Y. 2000) (dismissing for lack of prosecution plaintiff's claims against foreign defendant where complaint had been pending for six months and plaintiff had made no attempt to serve defendant); In re Teligent, Inc., 2004 WL 724945, *3 (Bankr. S.D.N.Y. 2004) (although Rule 4(m)'s 120-day service deadline is inapplicable to service in foreign country, "[a] court may still dismiss a case involving the failure to serve a foreign defendant within a reasonable time under the 'flexible due diligence' standard"); cf. O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 952 (7th Cir. 2000) (observing that "because the current rule, Rule 4(m), is silent as to sanctions for not serving foreign defendants, perhaps Rule 41(b) . . . is precisely the proper one," but declining to decide) (citing Fed. R. Civ. P. 41(b)).

In this case, the court finds that Plaintiff has made little to no effort to effect service on Belarus, Inc., and MTZ Belarus.  Due diligence to serve these two Defendants

has not been exercised by Plaintiff during the two-year span of this litigation. Moreover, the court finds that, if joined at this late, Belarus, Inc., and MTZ Belarus would be prejudiced in their preparation for trial which is set to commence in less than six months.

Accordingly, for the foregoing reasons, it is CONSIDERED and ORDERED that Plaintiff's claims against Defendants Belarus, Inc., and MTZ Belarus be and the same are hereby DISMISSED without prejudice.[1]

DONE this 9th day of June, 2005.

                                  /s/ Ira DeMent  
                                  SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The court notes that the docket sheet reflects that Belarus Machinery, Inc., also has not been served. Based on the representation of Defendant Belarus Machinery of USA, Inc., that it and Belarus Machinery, Inc., "are one and the same," (Doc. No. 93 at 1), the court finds that, with the dismissal of Belarus, Inc., and MTZ Belarus, all Defendants have been properly served.