**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| SAXSEN NORTON, a minor, by and through her next friend, CATHERINE ACTENHAGAN, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:03cv946-D ) WO |
| BELARUS MACHINERY OF USA, INC., ET AL., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Lexington Insurance Co.'s ("Lexington") motion to dismiss (Doc. No. 69),[1] in which Lexington renews its previously-filed motion to dismiss and reasserts the arguments in its memorandum in support thereof. (Doc. Nos. 54-55.) Defendant Westchester Fire Insurance Co. ("Westchester"), which also was a movant in the original motion to dismiss, joins in Lexington's renewed motion to dismiss. (Doc. No. 78.) Plaintiff Saxsen Norton ("Norton"), a minor, who brings this lawsuit through her next friend, Catherine Actenhagan ("Actenhagan"), filed a response in opposition to the original motion to dismiss and relies on this response in opposing the renewed motion to dismiss. (Doc. Nos. 59, 74.) After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that the renewed motion is due to be granted.

---

[1] Hereafter, the court refers to the instant motion as a "renewed" motion to dismiss.

## I. JURISDICTION AND VENUE

The parties do not contest that this lawsuit is between parties with diverse citizenship and that the amount in controversy exceeds $75,000. Accordingly, the court finds that it may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity). The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. See, e.g., United States v. Gaubert, 499 U.S. 315, 327 (1991); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all factual allegations are to be construed in the light most favorable to the plaintiff. See, e.g., Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." In re Johannessen, 76 F.3d 347, 349 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Braden v. Piggly Wiggly, 4 F. Supp.2d 1357, 1360 (M.D. Ala. 1998).

### III.  FACTS

Norton commenced this products liability action by and through her next fried and mother, Actenhagan, in the Circuit Court of Barbour County, Alabama, on September 20, 2002.  On September 15, 2003, having been added by amendment to the original complaint the preceding month, Lexington and Westchester removed this lawsuit to the United States District Court for the Middle District of Alabama on the basis of diversity jurisdiction.  See 28 U.S.C. §§ 1332(a), 1441; (Doc. No. 1 (Not. of Removal, 2nd Am. Compl. attached thereto).)

The most recently amended complaint alleges that, on or about October 18, 1998, Norton "was seriously and permanently injured when she fell out of the rear cab window" of a farm tractor and "was run over by a hay bailer, being pulled behind the tractor." (Doc. No. 39 (3rd Am. Compl. at 1).)  Norton contends that the tractor, described as a 1995 Belarus 570, was defective because "[t]he rear window opened fully with no screen or guard to prevent falls from that window." (Id.)

In the three-count third amended complaint, Norton seeks recovery from the alleged manufacturer, distributor and seller of the tractor.  These alleged tortfeasors are identified as follows:  Belarus Machinery of USA, Inc.; Belarus Machinery, Inc.; Belarus Inc.; MTZ Belarus; Beshears, Inc.; and Minsk Tractor Works.[2]  Count I is a claim under

---

[2] Beshears, Inc., is incorrectly designated in the complaint, as amended, as Beshears Tractor and Equipment Co., Inc.  (See Doc. No. 18 at 1.)  The court *sua sponte* amends the caption to reflect the correct name.

the Alabama Extended Manufacturer's Liability Doctrine, and Count II seeks recovery for negligence and wantonness.  (Id. at 2-4.)

In Count III, Norton sues Lexington and Westchester.  Norton avers that Lexington and Westchester issued policies of insurance to Belarus Machinery of USA, Inc., and that these policies "provided liability insurance coverage for Belarus Machinery of USA, Inc. at the time of the events made the subject of this lawsuit." (Id. at 4-5.)  Lexington and Westchester admit that they provided such policies to Belarus Machinery of USA, Inc., but do not concede that the policies provide coverage for the incident at issue. (Doc. No. 40 at 4 (Lexington Answer at 4); Doc. No. 41 (Westchester Answer at 4).)

Moreover, Norton alleges that Lexington "has taken the position" that coverage does not exist under the policy it issued because Belarus Machinery of USA, Inc., is bankrupt and "cannot pay the $25,000 self-retention payment in order to trigger coverage." (Doc. No. 39 at 5 (¶ 3).)  Norton avers, however, that an insurance company "cannot escape coverage simply because a self-retention or deductible has not been paid." (Id.)  As relief in Count III, Norton seeks a declaratory judgment as to "the nature, the amount, and the extent of insurance coverage available for the claims made herein[.]" (Id. at 5 (¶ 6).)  She seeks a declaration of rights pursuant to Alabama's Declaratory Judgment Act.  See Ala. Code §§ 6-6-220 to 6-6-232 (1975); (Doc. No. 59 at 3.)

In their Answers, Lexington and Westchester assert, among other things, that Norton cannot "join a complaint for declaratory judgment against either a primary or

excess insurer with the underlying claim against the alleged tortfeasors." (Doc. No. 40 at 4; Doc. No. 41 at 4.)

## IV. DISCUSSION

Lexington and Westchester (collectively, "Defendants") assert that dismissal of Count III, the sole claim against them, is appropriate because Alabama law does not allow an injured plaintiff to bring suit directly against an insurance company to recover on a policy issued to a third party–at least not before obtaining a judgment against the insured. Defendants contend that Norton's claim brought pursuant to Alabama's Declaratory Judgment Act is tantamount to a direct action. Because Norton has yet to obtain a judgment against the insured, Belarus Machinery of USA, Inc., Defendants assert that the direct action is prohibited under § 27-23-2 of the Code of Alabama.

Defendants frame the issue as follows: "May [] Norton maintain an action to determine liability insurance coverage for Belarus Machinery of USA, Inc., under policies issued by Lexington and Westchester without first obtaining a judgment against Belarus?" (Doc. No. 55 at 4.) Answering the issue, Defendants respond: "No, under Alabama law a plaintiff may not maintain a direct action against an alleged tortfeasor's liability insurance company without first obtaining a judgment against the alleged tortfeasor." (Id.)

The court agrees that the dispositive issue is whether Norton can maintain an action against Lexington and Westchester prior to the establishment of any liability in the

5

tort action against the insured. For the reasons to follow, the court agrees with Defendants that Norton's declaratory judgment claim is premature.

As stated, in support of their position, Defendants interpose Alabama's "direct action" statute as a barrier to the court's consideration of Norton's declaratory judgment claim. See Ala. Code § 27-23-2. This statute defines Norton's avenue of legal recovery under state law in the event that Norton obtains a judgment in this lawsuit against Belarus Machinery of USA, Inc. Section 27-23-2 provides as follows:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Ala. Code § 27-23-2.

Section 27-23-2 allows Norton to bring a direct action against Lexington and Westchester as Belarus Machinery of USA, Inc.'s insurers; however, that right only accrues if Norton, as the injured party, recovers a judgment against Belarus Machinery of USA, Inc., for a loss which is covered by the insurance policies. See Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., Inc., 416 So. 2d 979, 982 (Ala. 1982) (holding that, under § 27-23-1 and -2, once an injured party secures a final judgment, that party, as a judgment creditor, may proceed directly against the tortfeasor's insurer to reach and apply

the insurance money to the satisfaction of the judgment), not followed on other grounds in Woodall v. Alfa Mut. Ins. Co., 658 So. 2d 369 (Ala. 1995).

As a threshold matter, Norton contends that § 27-23-2 of the Code of Alabama is procedural in nature, as opposed to substantive, so that the direct action statute does not prohibit her declaratory judgment claim in this diversity case. (Doc. No. 59 at 3.) Norton, however, has not cited any authority to support her position that the right of an injured party to bring a direct action against the alleged tortfeasor's insurer is procedural for purposes of the Erie doctrine, and the court finds that the law is to the contrary.

"Under the doctrine enunciated in Erie and its progeny, 'federal courts sitting in diversity apply state substantive law and federal procedural law.'" Esfeld v. Costa Crociere, S.P.S., 289 F.3d 1300, 1306 (11th Cir. 2002) (quoting Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996), and citing Erie Ry. v. Tompkins, 304 U.S. 64 (1938)). Substantive in the context of Erie "means that the state law applicable to the issue or issues of the suit would significantly affect the outcome of the suit." Maryland Cas. Co. v. Williams, 377 F.2d 389, 392 n.1 (5th Cir. 1967). In general terms, the old Fifth Circuit has observed that "[t]he question of whether or not a direct action against an insurer is permitted is sufficiently determinative of the outcome of a trial that a federal court sitting in diversity jurisdiction must follow state law in making its decision." Nelms v. State Farm Mut. Auto Ins. Co., 463 F.2d 1190, 1191 (5th Cir. 1972) (citing Erie, *supra*). The Supreme Court of Alabama has declared on more than one occasion that Alabama's "direct action" statute is not wholly procedural, as it confers substantive rights upon the

injured party, the insured and the insurer.[3]  In Insurance Co. of North America v. Davis, the Supreme Court of Alabama, quoting George v. Employers' Liability Assurance Corp., Ltd., of London, England, 122 So. 175, 176 (Ala. 1929), observed that "[i]t is . . . plain that the statute [§ 27-23-2] is not one merely of a remedial character as to procedure, but one affecting the liability of the insurer and the rights of the insured, as well as one injured by the conduct, against loss from which the assured is insured in his policy."[4]  150 So. 2d 192, 194 (Ala. 1963).  Subsequent decisions from Alabama courts are in accord. See Macey v. Crum, 30 So. 2d 666, 667 (Ala. 1947); Nat'l Surety Corp. v. Sanders, 301 So. 2d 93 (Ala. Civ. App. 1974) (same).

Decisions from the Massachusetts Supreme Court also are enlightening because Alabama's statute "is a replica of the Massachusetts statute."  Macey, 30 So. 2d at 668. Consequently, the Supreme Court of Alabama has "adopted the interpretation accorded the statute by the Massachusetts Supreme Court."  Id.  In Tessier v. State Farm Mutual

---

[3] The court notes that § 27-23-2 is not a true "direct action" statute in which the third-party injured party is entitled to bring suit directly against an insurer without first securing a judgment against the tortfeasor.  Cf. La. Rev. Stat. Ann. § 22:655 (permitting claimant to join insurer as a defendant in the initial suit determining liability).  The majority of states, including Alabama, California, Connecticut, Delaware, Florida, Iowa, Maine, Michigan, New Hampshire and Ohio, permit an injured party to bring a direct action against the tortfeasor's insurer only after judgment is obtained against the insured. See Thomas F. Segalla & Richard Cohen, Direct Actions – Current Developments, 20 No. 9 Ins. Litig. Rep. 411 (1998).

[4] George was decided under the predecessor statute to § 27-23-2.  The court, though, finds that George's holding is equally applicable to the current version of § 27-23-2.  As recognized in Maness, the modern statute is "substantially the same" as its former version.  416 So. 2d at 981.

Insurance Co., a diversity action, the First Circuit, after examining Massachusetts law, rejected the plaintiff's attempt to bring a direct action against an insurance company without a prior adjudication of the liability of the insured. See 458 F.2d 1299 (1st Cir. 1972). There, the plaintiff argued that the remedy she sought was procedural and that, therefore, state law did not prohibit her from suing the insurer. The First Circuit observed, however, that the plaintiff had not provided any "authority to the effect that creating a direct cause of action against the insurance company is other than substantive." Id. at 1300. The court concluded that the Massachusetts high court viewed its rule prohibiting direct actions until such time that a judgment is obtained against the insured as a substantive rule. Id. (citing Connolly v. Bolster, 72 N.E. 981 (1905), superseded by statute on other grounds as stated in Saunders v. Austin W. Fishing Corp., 224 N.E.2d 215 (Mass. 1967)). Concluding, the panel stated that "[i]t would be highly inappropriate for us, in a diversity case, to make a new law" for a state by permitting the plaintiff to proceed with a direct action prior to securing a judgment against the insured.[5] Id.

Based on the foregoing, the court finds that, for purposes of Erie, Alabama's statute circumscribing the right of an injured party to sue directly the alleged tortfeasor's insurer is outcome determinative under Erie and is a substantive law. The court,

---

[5] The court notes that in Tessier, the First Circuit did not resolve the conflicts of law issue of which state's law applied, but noted that, of the three potential states, none had enacted a direct action statute which allowed an injured party to sue directly an insurer prior to obtaining a judgment against the insurer's insured and that the law in all three states deemed direct action rights to be substantive in nature. See 458 F.2d at 1359-60.

therefore, finds that, because jurisdiction of this court is based on diversity, it is bound to apply § 27-23-2 of the Code of Alabama.[6] The court, thus, turns to whether § 27-23-2 is a bar to Norton's declaratory judgment claim against Lexington and Westchester.

In Maness, *supra*, applying § 27-23-2, the Supreme Court of Alabama held that the cross-claims of the injured parties against the insurance carriers in a declaratory judgment action brought by the carriers were tantamount to a direct action against the insurance carriers. Because the injured parties' underlying lawsuit had not concluded, the Maness Court held that the injured parties' direct claims against the insurance carrier were "not allowable under Alabama law." 416 So. 2d at 982. Pursuant to § 27-23-2, "an injured

---

[6] Although neither party has cited Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Association, a case arising under federal admiralty jurisdiction, the court nonetheless finds that it is appropriate to explain why its holding does not necessitate a contrary finding in this case. See, 62 F.3d 1356 (11th Cir. 1995). In Morewitz, the Eleventh Circuit characterized Alabama's direct action statute as procedural for purposes of choice-of-law analysis, but observed that "characterizing direct action statutes as either procedural or substantive is problematic, particularly in the context of admiralty jurisdiction." Id. at 1363. The question of whether an issue is substantive or procedural for choice-of-law purposes, however, cannot be confused with the question of whether an issue is substantive or procedural for Erie purposes. See Sun Oil Co. v. Wortman, 486 U.S. 717, 726-27 (1988) (rejecting notion that "there is an equivalence between what is substantive under the Erie doctrine and what is substantive for purposes of conflict of laws" and explaining the distinction between the "procedural" and "substantive" dichotomy for purposes of Erie and choice-of-law analyses); McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001); cf. Shockley v. Sallows, 615 F.2d 233 (5th Cir. 1980) (Right of action under Louisiana direct action statute has been characterized as procedural for some purposes and substantive for others; as to impairment of contractual obligations, it is deemed procedural or remedial while it is substantive in sense that a federal court in Louisiana would permit a direct action where jurisdiction is based on diversity.) The issue in Morewitz, thus, is distinguishable from the question before this court.

10

party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured." Id.

Maness compels a finding that Norton's attempt to join a declaratory judgment claim seeking a determination of rights under the insurance policies with the issue of the liability of the insured is premature. As in Maness, Norton has not yet obtained a judgment against the alleged tortfeasor-insured. At this time, neither Lexington nor Westchester is obligated to Norton in any way.

Norton attempts to distinguish Maness. She asserts that, unlike the injured parties in that case who specifically sought relief pursuant to § 27-23-2, Norton brings her claim only under Alabama's Declaratory Judgment Act. Norton's argument is the same argument which the Supreme Court of Alabama found unpersuasive in State Farm Mutual Auto Insurance Co. v. Brown, 894 So. 2d 643 (Ala. 2004).

In Brown, an injured motorist and her husband sued the alleged tortfeasor for negligence and/or wantonness and for loss of consortium. See id. at 644-45. They also joined the tortfeasor's insurer, seeking a declaratory judgment as to the amount of liability insurance coverage available under the tortfeasor's insurance policy. See id. The insurer urged dismissal of the claim against it, contending that the claim essentially was a direct action against an insurance company in violation of the provision of § 27-23-2 which requires as a condition precedent to such a suit that a judgment against the insured be entered. See id. at 647.

Applying Maness, the Supreme Court of Alabama agreed with the insurer. The Brown court observed that Maness "addressed the question 'whether a plaintiff in a personal injury action . . . can in effect bring a declaratory judgment action' . . . against the alleged tortfeasor's insurance carrier before a judgment is rendered against the tortfeasor." Id. at 647-48. The court in Maness "explained that the Manesses' declaratory-judgment action was an improper direct action prohibited by Ala. Code 1975, §§ 27-23-1 and -2." Id. at 648.

As to the plaintiffs' argument that Maness was inapplicable to the plaintiffs' declaratory judgment action, the court stated:

> The Browns [plaintiffs] attempt to distinguish Maness, a case involving a declaratory judgment, by stating that the Manesses did not proceed under § 6-6-223 but specifically invoked § 27-23-2. The Maness opinion d[id] not even mention § 6-6-223. However, the question in that case, as posed by the Maness Court, was whether a plaintiff "can in effect bring a declaratory judgment action" against an insurer before a judgment is entered against the insured/alleged tortfeasor.

Id. at 648-49. The Brown court agreed with the insurer that, because the plaintiffs had not secured a judgment against the alleged tortfeasor, there was not a "justiciable controversy," an "essential" requirement for maintaining a declaratory-judgment action. Id. at 649-50. The court continued: The plaintiffs' claims against the tortfeasor remain "pending"; therefore, "any question as to whether [the insurer] would owe anything to the [plaintiffs] in the future is speculative at best." Id. at 649.

In light of Brown, the court finds that Norton's attempt to bypass § 27-23-2 by characterizing her claim solely as one arising under Alabama's Declaratory Judgment Act

12

is unavailing.  As in Brown, the court finds that there is no justiciable controversy at this time so as to allow Norton to maintain a declaratory judgment action against Lexington and Westchester.

In another effort to avoid dismissal, Norton points out that, prior to a judgment in favor of an injured party, an insurance company is allowed to join an injured party in a declaratory judgment action which it brings against its insured.  (Doc. No. 59 at 4); see, e.g., Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941) (during pendency of injured party's personal injury lawsuit against insured, insurer sought declaratory judgment action as to scope of insurance coverage and permitted joinder of injured party, despite fact that injured party still was litigating the claims in the underlying lawsuit).  Norton is correct that Alabama courts, applying Alabama's Declaratory Judgment Act in light of Maryland Casualty, *supra*, have held that a justiciable controversy exists between an insurer who brings a declaratory judgment action on the issue of coverage and joins the tort plaintiff who has a suit pending against the insured.  See Am. Auto. Ins. Co. v. English, 94 So. 2d 397, 399 (1957); State Farm Mut. Auto Ins. Co. v. Sharpton, 66 So. 2d 915, 917 (1953).[7]  Norton contends that the converse also should be true, i.e., that despite the absence of a judgment against the insured, a tort victim should be permitted to bring a declaratory judgment action against

---

[7] The issue in English and Sharpton concerned venue rather than jurisdiction, but nonetheless involved the determination of whether the personal injury plaintiffs were appropriate parties.

13

the tortfeasor's insurer "to obtain a declaration of rights under an insurance policy." (Doc. No. 59 at 4.)

Regardless of the fact that Norton deems the law unfair, under Alabama law, only the type of declaratory judgment suit in Maryland Casualty may proceed, and this court sitting in diversity is bound to the Alabama law.[8]  Norton's position is unconvincing, as is evidenced by her lack of citation to any binding authority for her contention.  Norton has not cited any authority from an Alabama court which carves out an exception to the requirements of § 27-23-2, and the court is not aware of any.  To the contrary, courts in Alabama have mandated strict adherence with the terms of § 27-23-2 to allow an injured party to recover from an insurer.  See Brown, *supra*; Wiggins v. State Farm Fire and Cas. Co., 686 So. 2d 218, 219 (Ala. 1996).  In Wiggins, the plaintiff obtained a default

---

[8] In Cross v. Occidental Fire Insurance Co., 347 F. Supp. 342 (W.D. Okla. 1972), the injured party advanced the same argument which Norton makes here.  Finding no justiciable controversy, the Cross court dismissed a lawsuit in which the injured party sought a declaration as to the duty of the alleged tortfeasor's insurer to pay any favorable judgment the injured party might obtain against the insurer's insured in a then-pending separate tort lawsuit.  See id. at 343.  The injured party contended "that if an insurance company may sue before conclusion or even initiation of the State Court action and join therein the injured parties, as was done in Maryland Casualty Co. v. Pacific Coal & Oil Co., *supra*, and countless others, then 'surely' the reverse must be permitted."  Id. at 344.  Rejecting the argument, the court explained:

> There is good reason for permitting the joinder of persons in Plaintiff's position by an insurer seeking declaratory relief.  If they were not joined they would not be bound by a favorable judgment of noncoverage and the insurers could be exposed to the risks of a multiplicity of litigation and inconsistent obligations.  No such factors are present in the case conceived by Plaintiff and brought here.

Id. at 343-44.

judgment against the alleged tortfeasor. The plaintiff then sought to add the insurer to the case as a new defendant so as to apply the proceeds of the insurance contract to satisfy the default judgment. The Supreme Court of Alabama held that the plaintiff could not join the insurance company, but must file a separate action under § 27-23-2 in order to recover from the insurer. See 686 So. 2d at 219.

In sum, the court finds that, pursuant to the Erie doctrine, § 27-23-2 of the Code of Alabama controls whether Norton can maintain her declaratory judgment claim against Lexington and Westchester. Absent a finding of liability on the part of Belarus Machinery of USA, Inc., there is no judgment for Norton to collect from Lexington or Westchester. Section 27-23-2 does not permit Norton to sue these two Defendants until and unless she obtains a judgment against Belarus Machinery of USA, Inc. For this reason, the court finds that there does not exist a justiciable controversy such that a declaratory judgment action under Alabama's Declaratory Judgment Act against Lexington and Westchester can be maintained. Defendants' motion to dismiss is, therefore, due to be granted.

## V. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that the renewed motion to dismiss (Doc. No. 69), filed by Lexington and joined by Westchester, be and the same is hereby GRANTED and that Norton's declaratory judgment claim in Count III

15

against Lexington and Westchester be and the same is hereby DISMISSED without prejudice.

Done this 23rd day of June, 2005.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE